UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
West Palm Beach Division

Case No. 18-mj-08251-DLB

UNITED STATES OF AMERICA,

v.

DR. VASAN DESHIKACHAR,

    Defendant.

_____/

FILED BY ___SP___
              Deputy Clerk
Jun 7, 2018
STEVEN M. LARIMORE
CLERK U.S. DISTRICT CT.
S.D. OF FLA. West Palm Beach

**PRETRIAL DETENTION ORDER**

    The Court, pursuant to 18 U.S.C. § 3142, commonly known as the Bail Reform Act of 1984, hereby **ORDERS** Defendant, DR. VASAN DESHIKACHAR, detained prior to trial. The presumption in 18 U.S.C. § 3142(e)(3)(A) applies in this case, and the Court specifically finds that no condition or combination of conditions will reasonably assure Defendant's appearance in court or the community's safety. The Court makes the following findings of fact and statement of reasons for the detention:

    a) **The nature and circumstances of the offense charged.**

    Defendant is charged by Indictment out of the U.S. District Court in and for the Eastern District of Michigan, Southern Division, with conspiracy to possess with attempt to distribute and to distribute Oxycodone and Oxymorphone (Count 1) and unlawful distribution of oxycodone and aiding and abetting (Counts 2-25), all in violation of 21 U.S.C. §§ 841(a)(1), 846, and 18 U.S.C. § 2. If convicted, Defendant faces a significant term in prison, followed by a term of supervised release, and a hefty fine.

b) **The weight of the evidence against Defendant.**

The weight of the evidence against Defendant is strong. The Court takes judicial notice of the Indictment. The government proceeded by proffer at the hearing on June 7, 2018[1], and DEA Task Force Officer Chad Allan testified. The sources allege that beginning on or about January 2015 and continuing up to and including March 2018, Defendant and others took part in a scheme to dispense prescriptions for controlled substances which were sold at a substantial profit on the illegal street market in Detroit, Michigan. Specifically, Defendant, a licensed medical doctor in the State of Michigan, unlawfully issued prescriptions for Oxycodone HCL 30mg and Oxymorphone HCL ER 40mg in exchange for cash and cryptocurrency payments. Defendant moved from Michigan to Florida in 2017 and continued to write prescriptions for controlled substances to patients in Michigan, for no legitimate medical purpose, in exchange for payment. Defendant was arrested in Palm Beach County, Florida in May 2018.

The government proffered that Defendant owns an aircraft, that is not registered with the FAA, and Defendant has two hangars – one in Michigan and one in Florida. The government further proffered that a search of Defendant's residence uncovered $25,000 in cash and $10,000 in money orders, in addition to prescription forms containing Defendant's information, and Argentinian passports. Electronics seized by law enforcement uncovered foreign bank accounts in India controlled by Defendant in addition to hundreds of text messages between Defendant and his co-conspirators. A search of the warehouse believed to be used by the conspirators, and adjacent to Defendant's former medical practice in Michigan, uncovered a money counter and a loaded firearm.

---

[1] Defendant was represented by attorney Allison Kelliher at the hearing on June 7, 2018.

c) **Defendant's history, characteristics, and criminal history.**

The Court takes judicial notice of the Pretrial Services Report. Defendant was born on July 18, 1967 in Karnataka, India. He came to the U.S. in 1991 and is a naturalized U.S. citizen. Defendant stated he does not have a valid U.S. passport. Defendant further stated that he has resided in the Southern District of Florida for two and a half years. He previously resided in Michigan for 20 years where he lived in a home owned by his parents. Defendant is married, although currently separated from his wife, and he has one minor child for which he is the primary caregiver. Defendant has two other children with his ex-wife, to whom he pays $1,000 in monthly child support. Defendant is hard of hearing and has a cochlear implant in his brain.

Defendant owns two vehicles. He reported to have a Bank of America checking account that contains approximately $300-$400. Defendant has an outstanding arrest warrant out of Michigan from 2016 for possession of marijuana and operating a motor vehicle without security.

d) **The nature and seriousness of the danger to any person or the community that would be posed by Defendant's release, and the likelihood of Defendant's appearance in court if released.**

The Court finds that no condition or combination of conditions will reasonably assure Defendant's appearance in court or the community's safety. Defendant has not overcome the presumption in 18 U.S.C. § 3142(e)(3)(A). Defendant has access to an aircraft and a hangar in Michigan near the Canadian border; he is facing serious charges and, if convicted, faces substantial prison time. The Government's evidence against Defendant is strong, and the behavior that Defendant engaged in is dangerous, especially given access to a loaded gun with a

round in the chamber, in the Michigan warehouse.  Based on these factors, the Court finds that Defendant is both a flight risk and danger to the community.

Defendant is committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal.  Defendant must be afforded reasonable opportunity to confer privately with counsel.  On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility in which Defendant is confined deliver Defendant to the U.S. Marshal for the purpose of a court appearance.

**DONE AND ORDERED** in Chambers at West Palm Beach in the Southern District of Florida, this 7th day of June, 2018.

*[signature: Dave Lee Brannon]*
DAVE LEE BRANNON
U.S. MAGISTRATE JUDGE